SPENCER P. HUGRET (SBN 240424)
shugret@grsm.com
HAILEY M. ROGERSON (SBN 311918)
hrogerson@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMMIE KOHEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**<br><br><br><br>Sup Ct Comp. filed:  November 12, 2019<br>Removed:  December 18, 2019 |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant Ford Motor Company ("Ford"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 281148 of the Superior Court of California, County of Tulare.  In support of this removal, Ford states as follows:

///

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Tulare by Plaintiff Jammie Kohen ("Plaintiff") against Ford, entitled *Jammie Kohen v. Ford Motor Company*, Case No. 281148 (the "State Action"). The named Defendant is Ford.

2. Plaintiff filed the State Action on November 12, 2019, asserting breach of warranty and fraud claims against Ford. *See* Complaint.

## II. PROCEDURAL REQUIREMENTS

3. Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the Complaint on November 22, 2019. This Notice of Removal is therefore timely filed.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibits A-E** to the Declaration of Hailey M. Rogerson ("Rogerson Decl.") filed herewith.

5. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place in which the removed action has been pending.

6. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Tulare, promptly after filing of same in this Court.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

8. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or

relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

10. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

11. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

12. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

13. Ford disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

14. In the case at bar, Plaintiff seeks both monetary and injunctive relief. This is a products liability case. Plaintiff allege breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*), and fraud. (Compl. ¶¶ 44-76).

15. Plaintiff alleges that on or about March 18, 2013, she purchased a 2013 Ford Focus equipped with a PowerShift Transmission. (Compl. ¶¶ 5-6, 14). They allege that the PowerShift Transmission is defective due to "transmission slips, bucking, kicking, jerking, harsh engagement, premature internal wear, sudden acceleration, delay in downshifts, delayed acceleration, and difficult stopping the vehicle," among other problems. (Compl., ¶ 21).

16. Plaintiff's Complaint alleges that the amount in controversy exceeds $25,000, exclusive of interest and costs, and, in addition seeks a civil penalty of two times Plaintiff's damages. (*See*, e.g, Compl. ¶¶ 43, 61). This alone totals $75,000. Add on the request for attorneys' fees under Song-Beverly (Compl. ¶¶ 43, 54, 61, 64), and punitive damages under the fraud counts (Compl. ¶¶ 43, 76), and the $75,000 threshold is exceeded. *See* Order Denying Remand, *In re: Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation*, Case 2:18-ml-2814, Dkt. 119, filed 9/10/2018 at pp. 4-5.

17. Liability is pleaded as two (2) counts constituting violations of Song-Beverly and one (1) count constituting fraud. The Complaint seeks the following by way of *ad damnum* clause: restitution; incidental and consequential damages; civil penalty, in an amount not to exceed two time the amount of Plaintiff's actual

damages; actual attorney's fees; costs of suit and expenses; the difference in value of the Vehicle as accepted and the value the Vehicle would have had if it has been as warranted; for remedies provided under the UCC or any other remedy the court deems proper; prejudgment interest; and punitive damages. (Compl. at Prayer for Relief, p. 16 at "A-K").

18.  The amount in controversy calculation includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  Civil penalties under the Song-Beverly Act are also properly included in the calculation.  *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).  The amount in controversy also includes reasonable estimates of attorney's fees.  *Id*. at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

19.  The Song-Beverly Act allows for the recovery of attorney's fees, which regularly exceed $100,000.  (Declaration of Spencer Hugret ("Hugret Decl.") ¶ 5, filed concurrently herewith).

20.  Thus, the total amount in controversy exceeds $75,000.00.  The amount in controversy is satisfied. (Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

### IV.  DIVERSITY OF CITIZENSHIP EXISTS

21.  Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of California.  (Compl. ¶ 1).

22.  Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan.  This Court can take judicial notice of these facts.  *See* Excerpt from Ford's 2018 Form 10-K filing, **Exhibit F** to Rogerson Decl.; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

///

///

## V. CONCLUSION

23. Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Respectfully submitted,

Dated: December 18, 2019

GORDON REES SCULLY MANSUKAHNI, LLP

*/s/ Spencer P. Hugret*

Spencer P. Hugret, Esq.
Hailey M. Rogerson, Esq.

*Attorneys for Defendant*
FORD MOTOR COMPANY


6
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL